UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BROOKE BALCHAN,

               Plaintiff,

-against-

CITY SCHOOL DISTRICT OF NEW ROCHELLE, et al.,

               Defendants.

**ORDER**

21-CV-04798 (PMH)

PHILIP M. HALPERN, United States District Judge:

On January 2, 2025, Defendants filed their motion papers in support of summary judgment (Docs. 87-94); Plaintiff filed opposition (Doc. 96; Doc. 97); and Defendants filed reply (Doc. 98).

The Court has identified myriad documents missing from the summary judgment record that prevent the Court from adjudicating the motion on the merits. Specifically, Defendants, in support of their motion, filed the declaration of counsel Richard B. Epstein that includes reference to Exhibits "A" through "Z," purportedly attached thereto. (*See, e.g.*, Docs. 91, 92, 93, and 94). Defendants did not file any of these twenty-six (26) exhibits via ECF, in violation of Local Civil Rule 7.1(a)(3).[1] These twenty-six exhibits include documents integral to the motion, as the Parties' 56.1 Statement is replete with references to these missing exhibits. (*See, e.g.*, Doc. 84-1 ¶¶ 1-12, 14-15, 19, 21-26, 28-29, 32-37, 44-47, 51, 53-64). Notable documents included among these exhibits appear to be Plaintiff's deposition transcript (Doc. 91 ¶ 6); Defendants' deposition transcripts (*id.* ¶¶ 7-15); and documents associated with the purported Civil Service Law § 75 proceeding, including the "decision of Hearing Officer Bernstein dated August 8, 2022" and the

---

[1] Separately, the Parties have also failed to comply with Rule 4(A) of the Court's Individual Practices, as the Court is not in receipt of any courtesy copies of the "motion papers, including all declarations and affidavits with exhibits."

associated transcript of the § 75 hearing (*id.* ¶¶ 16-18).

Thus, none of these documents are before the Court and therefore cannot be considered on the motion. It is well-established that the district court possesses "inherent power[s]" that include the discretionary authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Lively v. Wayfarer Studios LLC*, No. 24-CV-10049, 2025 WL 2298247, at *1 (S.D.N.Y. Aug. 8, 2025) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016)). As these noted deficiencies are "egregious," the Court is prevented from adequately ruling on the merits of the motion. S*ee Rodriguez v. Lunita's Café and Deli Corp.*, No. 21-CV-03909, 2024 WL 4264748, at *1 (S.D.N.Y. Apr. 17, 2024).

Accordingly, Defendants' motion for summary judgment is DENIED.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 87.

**SO ORDERED:**

Dated:  White Plains, New York
        August 15, 2025

_____
PHILIP M. HALPERN
United States District Judge