UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BROOKE BALCHAN,

              Plaintiff,

        -against-

CITY SCHOOL DISTRICT OF NEW
ROCHELLE, et al.,

              Defendants.

**ORDER**

21-CV-04798 (PMH)

PHILIP M. HALPERN, United States District Judge:

Defendants' motion for summary judgment was denied on August 15, 2025 because, as set forth in the Court's order, myriad documents were missing from the summary judgment record that Defendants failed to file, effectively "prevent[ing] [the Court] from adequately ruling on the merits of the motion." (*See* Doc. 101, "Prior Order" at 1-2). On August 27, 2025, Defendants moved for reconsideration or alternatively for "leave to refile Defendants' motion for summary judgment." (Docs. 104-106, the "Motion"). Plaintiff subsequently filed an opposition (Docs. 107, 108), and Defendants filed a reply (Doc. 109).

Upon review of the Parties' respective submissions, the Court grants the alternative relief requested by Defendants in the Motion. The Court, in its discretion, grants Defendants leave to refile their summary judgment motion, provided the deficiencies that resulted in the denial of the original motion are corrected, and no other changes or additions are made. The Motion is otherwise denied as unnecessary in light of the Court's ruling. *See Corsair Special Situations Fund, L.P. v. National Resources*, 595 Fed. App'x 40, 44 (2d Cir. 2014); *see also Phoenix Light SF Limited v. U.S. Bank Nat. Ass'n*, No. 14-CV-10116, 2020 WL 4699043, at *1-2 (S.D.N.Y. Aug. 12, 2020) (generally, reconsideration may only be granted where a party shows "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice," and specifically, the "manifest injustice" standard is "deferential to district courts and provides relief only in the proverbial 'rare case'").

Accordingly, Defendants' Motion is GRANTED insofar as Defendants are granted leave to refile their motion for summary judgment and is DENIED as to the motion for reconsideration.

The Parties shall, no later than April 15, 2026, refile their summary judgment papers. Specifically, by April 15, 2026: Defendants shall refile their Notice of Motion (Doc. 87), Affidavits (Docs. 88-90), Memoranda of Law (moving brief (Doc. 95) and reply (Doc. 98)), and Declarations with previously-filed exhibits attached (Docs. 91-94); Defendants shall file the missing twenty-six (26) exhibits (Exs. A-Z, as detailed in Doc. 91 ¶¶ 3-28); Defendants shall refile the joint 56.1 Statement (Doc. 84-1); and Plaintiff shall refile her counsel's Declaration, with previously-filed exhibits attached (Doc. 96), and Memorandum of Law (Doc. 97). The Parties shall refile all filings in the same form as the previous filings, including, but not limited to, the Parties' respective briefs and joint 56.1 Statement. In short, the Parties shall not make any new arguments, nor file any new evidence (aside from Exs. A-Z, as detailed above). The Parties shall also comply with Rule 4(A) of the Court's Individual Practices and provide to Chambers via hard copy all "motion papers, including all declarations and affidavits with exhibits."

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 104.

SO ORDERED:

Dated:   White Plains, New York
       March 18, 2026

PHILIP M. HALPERN
United States District Judge

2